1  LATHAM & WATKINS LLP
       Robert D. Crockett (Bar No. 105628)
2      Courtney E. Vaudreuil (Bar No. 223439)
       Andrew M. Skanchy (Bar No. 240461)
3  355 South Grand Avenue
   Los Angeles, California 90071-1560
4  Telephone: +1.213.485.1234
   Facsimile: +1.213.891.8763
5
   Attorneys for Defendants
6  CORPORATION OF THE PRESIDENT OF
   THE CHURCH OF JESUS CHRIST OF
7  LATTER-DAY SAINTS; CORPORATION
   OF THE PRESIDING BISHOP OF THE
8  CHURCH OF JESUS CHRIST OF LATTER-
   DAY SAINTS
9
                  UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11

12
   Michael J. an individual,              CASE NO. 2:08-cv-7553
13
                   Plaintiff,
14                                         MEMORANDUM OF POINTS AND
         v.                                AUTHORITIES IN SUPPORT OF
15                                         MOTION TO DISMISS
   CHURCH OF JESUS CHRIST OF
16 LATTER DAY SAINTS;
   CORPORATION OF THE
17 PRESIDENT OF THE CHURCH OF              Hearing:
   JESUS CHRIST OF LATTER DAY             Date: December 15, 2008
18 SAINTS; CORPORATION OF THE             Time: 1:30 p.m.
   PRESIDENT OF THE CHURCH OF             Location: 15
19 JESUS CHRIST OF LATTER DAY
   SAINTS; REDDING CALIFORNIA
20 STAKE OF THE CHURCH OF                  Assigned to the Honorable Percy
   JESUS CHRIST OF LATTER DAY             Anderson
21 SAINTS; 2ND WARD OF REDDING
   STAKE OF CHURCH OF JESUS
22 CHRIST OF LATTER DAY SAINTS;
   SIMI VALLEY STAKE OF THE
23 CHURCH OF JESUS CHRIST OF
   LATTER DAY SAINTS; LOS
24 ANGELES STAKE OF THE
   CHURCH OF JESUS CHRIST OF
25 LATTER DAY SAINTS;
   FREDERICK HILLIARD JR.;
26 CHURCH OF JESUS CHRIST OF
   LATTER-DAY SAINTS;
27 CORPORATION OF THE
   PRESIDING BISHOP OF THE
28 CHURCH OF JESUS CHRIST OF

1   LATTER-DAY SAINTS;
    CORPORATION OF THE
2   PRESIDENT OF THE CALIFORNIA
    LOS ANGELES MISSION, THE
3   CHURCH OF JESUS CHRIST OF
    LATTER DAY SAINTS; 3RD WARD
4   OF REDDING STAKE OF THE
    CHURCH OF JESUS CHRIST OF
5   LATTER-DAY SAINTS; SIMI
    VALLEY STAKE OF THE CHURCH
6   OF JESUS CHRIST OF LATTER-
    DAY SAINTS; REDDING STAKE
7   OF THE CHURCH OF JESUS
    CHRIST OF LATTER-DAY SAINTS;
8   LOS ANGELES STAKE OF THE
    CHURCH OF JESUS CHRIST OF
9   LATTER-DAY SAINTS; 2ND WARD
    OF THE REDDING STAKE OF THE
10  CHURCH OF JESUS CHRIST OF
    LATTER-DAY SAINTS; and
11  DEFENDANT DOES 10 through
    1000, inclusive,
12
                    Defendants.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................1

II. BACKGROUND ..................................................................................2

    A.    Facts ..........................................................................................2

    B.    Procedure ..................................................................................3

III. ARGUMENT ......................................................................................3

    A.    Standard of Review ..................................................................3

    B.    Plaintiff Has Not Stated Claims for Direct or Vicarious Torts ........................................................................................4

    C.    The Complaint Does Not Plead Duty ......................................5

    D.    The Complaint Does Not Plead Notice ..................................10

    E.    Plaintiff Has Not Stated a Claim for Negligence Per Se for Statutory Violations ..........................................................13

    F.    Plaintiff's Claim Is Barred By The California Statute Of Limitations ..............................................................................13

    G.    Plaintiff's Claims Are Barred By His Failure To Timely File Certificates Of Merit ......................................................16

IV. CONCLUSION ..................................................................................18

1

## **TABLE OF AUTHORITIES**

2                                                               **Page**

### **CASES**

3

4   *Alma W. v. Oakland Unified School Dist.,*
5       123 Cal. App. 3d 133 (1981) ...........................................................5

6   *Angie M. v. Superior Court,*
7       37 Cal. App. 4th 1217 (1995)...........................................................5

8   *Bell Atlantic Corp. v. Twombly,*
        127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)......................................4

9   *Berry v. Watchtower Bible and Tract Society of New York, Inc.,*
10      879 A.2d 1124, 1130 (N.H. 2005) .................................................10

11  *Bowen v. Kendrick,*
12      487 U.S. 589 (1988).........................................................................5

13  *Bryan R. v. Watchtower Bible and Tract Society of New York, Inc.,*
14      738 A.2d 839, 848 (Me. 1999) .........................................................9

15  *California Statewide Communities Development Authority v. All*
        *Persons,*
16      40 Cal. 4th 788 (2007).....................................................................7

17  *Conroy v. Aniskoff,*
18      507 U.S. 511 (1993)........................................................................15

19  *Davenport v. England,*
20      222 Fed. Appx. 551 (9th Cir. 2007) ..............................................15

21  *Deutsch v. Masonic Homes of California, Inc.,*
22      164 Cal. App. 4th 748 (2008) .........................................................12

23  *Doe v. Corporation of the President of the Church of Jesus Christ of*
        *Latter-Day Saints,*
24      167 P.3d 1194 (Wash. App. 2007) ...................................................8

25  *Doe v. Corporation of the President of the Church of Jesus Christ of*
26      *Latter-day Saints,*
27      98 P.3d 429,432 (Utah App. 2004)................................................10

28  *Doyle v. Fenster,*

47 Cal. App. 4th 1701 ................................................................................16

*Federico v. Superior Court,*
   59 Cal. App. 4th 1207 (1997) ....................................................................8

*Gorman v. Wolpoff & Abramson, LLP,*
   370 F. Supp. 2d 1005 (N.D. Cal. 2005)...................................................13

*Gulf Coast Western Oil Co. v. Trapp,*
   165 F.2d 343 (10th Cir. 1947) ..................................................................13

*Hill v. United States I.N.S.,*
   714 F.2d 1470 (9th Cir. 1983) ..................................................................17

*Hoff v. Vacaville Unified School Dist.,*
   19 Cal. 4th 925 (1998) ................................................................................7

*Jablon v. Dean Witter & Co.,*
   614 F.2d 677 (9th Cir. 1980) ....................................................................14

*Jeffrey E. v. Central Baptist Church,*
   197 Cal. App. 3d 718 (1988) ......................................................................5

*Lemon v. Kurtzman,*
   403 U.S. 602 (1971).....................................................................................5

*Lopez v. Smith,*
   203 F.3d 1122 (9th Cir. 2000) ....................................................................4

*Mark K. v. Roman Catholic Archbishop of Los Angeles,*
   67 Cal. App. 4th 603 (1998) ......................................................................5

*Mary M. v. City of Los Angeles,*
   54 Cal. 3d 202 (1991) .................................................................................5

*McVeigh v. Doe 1,*
   138 Cal. App. 4th 898 (2006)......................................................15, 16, 17

*Meyer v. Lindala,*
   675 N.W.2d 635, 640-41 (Minn. App. 2004).........................................10

*Nally v. Grace Community Church,*
   47 Cal. 3d 278 (1988) .................................................................................6

*National Abortions Federation v. Operation Rescue,*

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

8 F.3d 680 (9th Cir. 1993) ............................................................................ 4

*Papasan v. Allain,*
   478 U.S. 265 (1986) ................................................................................... 4

*Quiroz v. Seventh Ave. Center,*
   140 Cal. App. 4th 1256 (2006) ................................................................ 13

*Rafael v. Superior Court,*
   1 Cal. App. 3d 457 (1969) ....................................................................... 15

*Rita M v. Roman Catholic Archbishop,*
   187 Cal. App. 3d 1453 (1986) ................................................................... 5

*Robertson v. Dean Witter Reynolds, Inc.,*
   749 F.2d 530 (9th Cir. 1984) ..................................................................... 4

*Roman Catholic Bishop v. Superior Court,*
   42 Cal. App. 4th 1556 (1996) .................................................................... 6

*Serbian Eastern Orthodox Diocese v. Milivojevich,*
   426 U.S. 696 (1976) ................................................................................... 5

*Shirk v. Vista Unified School District,*
   42 Cal. 4th 201 (2007) ............................................................................ 14

*Smith v. Fair Employment & Housing Com.,*
   12 Cal. 4th 1143 (1996) ............................................................................ 6

*Thompson v. County of Alameda,*
   27 Cal. 3d 741 (1980) ................................................................................ 9

*Tietge v. Western Province of the Servites, Inc.,*
   55 Cal. App. 4th 382 (1997) .............................................................. 14, 16

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
   190 F.3d 963 (9th Cir. 1999) ................................................................... 11

*Walling v. Beverly Enters.,*
   476 F.2d 393 (9th Cir. 1973) ..................................................................... 4

*Wright v. City of Los Angeles,*
   219 Cal. App. 3d 318 (1990) ..................................................................... 4

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

## STATUTES

50 U.S.C. § 501 ................................................................................................ 14

50 U.S.C. § 526(a) ........................................................................................... 15

Cal. Civ. Code § 1708.5(a) ................................................................................ 4

Cal. Civ. Code § 1708.5(b) ................................................................................ 4

Cal. Civ. Proc. Code § 335.1 ........................................................................... 15

Cal. Civ. Proc. Code § 340.1(a) ...................................................................... 14

Cal. Civ. Proc. Code § 340.1(a)(2) ............................................................ 14, 15

Cal. Civ. Proc. Code § 340.1(a)(3) .................................................................. 15

Cal. Civ. Proc. Code § 340.1(g) ...................................................................... 15

Cal. Civ. Proc. Code § 340.1(h)(1) .................................................................. 16

Cal. Civ. Proc. Code § 340.1(h)(2) .................................................................. 17

Cal. Civ. Proc. Code § 340.1(h)(3) .................................................................. 17

Cal. Civ. Proc. Code § 340.1(k) ...................................................................... 16

Cal. Civ. Proc. Code § 3401.1(l) ..................................................................... 16

Cal. Civ. Proc. Code §340.1 ............................................................. 1, 14, 16, 18

Cal. Penal Code § 626 ........................................................................................ 7

Civ. Proc. Code § 340.1(a)(2)) ................................................................... 11, 14

## RULES

Fed. R. Civ. P. 8 ............................................................................................... 11

Fed. R. Civ. P. 12 ............................................................................................. 11

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 3, 4

Fed. R. Civ. P. 56 ............................................................................................. 11

LATHAM&WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1

## OTHER AUTHORITIES

Victor E. Schwartz & Leah Lorber, *Defining Duty of Religious Institutions to Protect Others:  Surgical Instruments, Not Machetes, Are Required,* 74 U. Cin. L. Rev. 11 (2005)......................................2

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

# I.

## INTRODUCTION

This diversity case has been removed from the state court. Twenty-six-year old Plaintiff Michael J. contends that the various church entity defendants (collectively, the "LDS Church") failed to protect him, while a minor, from a sex predator. He alleges that this sex predator was a "priest" and a "teacher's aid" of the LDS Church. He says the LDS Church had a special relationship with him and duty to protect him. He does not claim himself to be a member of the LDS Church.

The central question is whether a church has a duty to protect somebody from the torts committed by one of its ordinary members. Although Plaintiff tries to dress up his theories by calling the predator a "priest," a "priest" in the LDS Church is nothing more than a mere member. The Complaint engages in very vague pleading to avoid identifying this weakness in its case, but in doing so the Complaint requires this Court to become entangled in LDS Church procedure and polity.

The Complaint is defective under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it does not state a claim for relief. The Complaint fails to sufficiently allege that the LDS Church had a duty to protect one member from sexual abuse by another. The Complaint alleges direct and vicarious torts against the LDS Church, but these are not available against religious entities. Finally, the Complaint fails by reason of an inability to meet the requirements of California Code of Civil Procedure section 340.1, a statute which requires the Plaintiff to file certain certificates of merit, which he has not.

## II.

## BACKGROUND

**A.    Facts**

Plaintiff claims that he was sexually abused as a child by Defendant Frederick Hilliard, Jr. ("Hilliard").  First Amended Complaint ("FAC") ¶ 1.  Along with Hilliard, Plaintiff named eight purported LDS Church entities as co-defendants.

Plaintiff alleges that Hilliard was a "priest" in the LDS Church.  FAC ¶ 1.  Plaintiff alleges that Hilliard, "by virtue of his unique authority and position as a priest in the Church of Jesus Christ of Latter Day [sic] Saints, [was able] to identify vulnerable victims."  FAC ¶ 28.  However, this vague pleading implies agency when there is nothing like that for "priests" in the LDS Church.  In LDS Church theology, a "priest" is merely a teenage boy or perhaps an adult who has not progressed beyond his teenage title.  *See* Victor E. Schwartz & Leah Lorber, *Defining Duty of Religious Institutions to Protect Others:  Surgical Instruments, Not Machetes, Are Required,* 74 U. Cin. L. Rev. 11, 53 (2005) (The term "priest" implies "no ecclesiastical authority or prestige . . . .  [V]irtually every male over the age of twelve holds an essentially honorific priesthood title of some sort," and usually denotes a "teenage boy"). [1]

Plaintiff alleges that "concerns were raised to church officials about Hilliard and his interaction with children."  FAC ¶ 2.  Purely on information and belief, Plaintiff alleges further that "prior complaints of sexual abuse committed by Hilliard were made to church officials" and that the LDS Church officials ignored these complaints and "instead allowed Hilliard to move across the county to continue molesting children, including Michael."  FAC ¶ 2.

---

[1]    Males 12-13 are Deacons; 14-15 are Teachers; 16-18 are Priests; adult males 18-40 are generally Elders; and those over 40 are generally High Priests.  An adult male may be a "priest" if he has not progressed to the adult honorifics.

1          Plaintiff alleges that the LDS Church "breached their duty of care to

2   the minor Plaintiff by allowing the Perpetrator to come into contact with the minor

3   Plaintiff without supervision." FAC ¶ 30. The LDS Church is alleged to have

4   failed to investigate facts about Hilliard. *Ibid.* Plaintiff was "entrusted to" the care

5   of the LDS Church, and the LDS Church "owed Plaintiff, a minor child, a special

6   duty of care." FAC ¶ 27.

7          Plaintiff also alleges that Hilliard was "hired and retained . . . in the

8   position of trust and authority as a teacher's aid." FAC ¶ 38. Nowhere, however,

9   does the FAC allege that the LDS Church is a school or even an employer. Nor

10  does the FAC plainly allege that Plaintiff was a student subject to a teacher's aid,

11  nor even that Plaintiff was a member of the LDS Church.[2]

12  **B.**    **Procedure**

13         Plaintiff filed his First Amended Complaint on October 10, 2008. On

14  November 14, 2008, LDS Church, joined by Hilliard, removed the case to this

15  Court based on diversity jurisdiction. That same day, counsel for LDS Church and

16  Plaintiff met and conferred regarding the filing of this motion. Declaration of

17  Courtney Vaudreuil, ¶ 2.

18                        **III.**

19                    **ARGUMENT**

20  **A.**    **Standard of Review**

21         A complaint may be dismissed when a plaintiff fails to state a claim

22  upon which relief may be granted. Fed. R. Civ. Proc. 12(b)(6). Such a failure may

23  occur where there is "(1) lack of a cognizable legal theory or (2) insufficient facts

24  under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749

25   

26  [2] Indeed, the Complaint falsely alleges the "teacher's aid" fact. The original
Complaint mistakenly contained many paragraphs about a different plaintiff in

27  a different Superior Court case with different defendants. The FAC failed to
clean up the cut-and-paste errors.

28   

1    F.2d 530, 534 (9th Cir. 1984).

2           In considering a motion to dismiss, "[r]eview is limited to the contents

3 of the complaint and all allegations of material fact are accepted as true and

4 construed in the light most favorable to the plaintiffs." *National Abortions*

5 *Federation v. Operation Rescue*, 8 F.3d 680, 681 (9th Cir. 1993). Ambiguities

6 must be resolved in favor of the pleading. *Walling v. Beverly Enters.*, 476 F.2d

7 393, 396 (9th Cir. 1973). However, the Court is not "bound to accept as true a

8 legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265,

9 286 (1986). The complaint must still plead "enough facts to state a claim for relief

10 that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

11 1974, 167 L. Ed. 2d 929 (2007). The Court may dismiss a case without leave to

12 amend if the amendment will not cure the defect. *Lopez v. Smith*, 203 F.3d 1122,

13 1129 (9th Cir. 2000).

14 **B.**     **Plaintiff Has Not Stated Claims for Direct or Vicarious Torts**

15           A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

16 Civil Procedure should be granted if the complaint does not proffer "enough facts

17 to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

18 *Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929  (2007). "The elements of

19 actionable negligence are a duty to use due care and a breach of that duty which

20 proximately causes the plaintiff's injuries." *Wright v. City of Los Angeles*, 219

21 Cal. App. 3d 318, 344 (1990).

22           The Seventh and Eighth Claims are for direct or vicarious torts.

23 California Civil Code section 1708.5 establishes liability for any person who

24 commits a sexual battery upon another. Cal. Civ. Code § 1708.5(a). It further

25 states that "a *person who commits a sexual battery* upon another is liable to that

26 person for damages." *Id.* at § 1708.5(b) (emphasis added). There is no basis for

27 extending this cause of action beyond the alleged abuser, Hilliard, to the LDS

28 Church. Cases discussing section 1708.5 recognize that it is a specific intent

1   statute, and Plaintiff has alleged no facts to suggest that the LDS Church intended

2   to abuse the Plaintiff. *See, e.g., Angie M. v. Superior Court*, 37 Cal. App. 4th

3   1217, 1225 (1995) ("A cause of action for sexual battery under Civil Code section

4   1708.5 requires the batterer intended to cause a 'harmful or offensive' contact and

5   the batteree suffer a 'sexually offensive contact.'")

6            Moreover, charitable organizations are not liable for the direct sexual

7   abuse torts of their agents.  A church simply is not responsible for the sexual

8   assaults of its volunteers and agents because that conduct is outside the scope of a

9   volunteer's or agent's scope of employment. *See Mark K. v Roman Catholic*

10  *Archbishop of Los Angeles*, 67 Cal. App. 4th 603, 609 (1998) (*respondeat superior*

11  may not impose liability on a religious institution for childhood sexual abuse

12  perpetrated by a member of its clergy, as any abuse is outside the scope of a

13  cleric's employment); *Alma W. v. Oakland Unified School Dist.*, 123 Cal. App. 3d

14  133, 143 (1981) (school and janitor); *Rita M v. Roman Catholic Archbishop*, 187

15  Cal. App. 3d 1453, 1461 (1986) (Archbishop and priest); *Jeffrey E. v. Central*

16  *Baptist Church*, 197 Cal. App. 3d 718, 722 (1988) (church and Sunday School

17  teacher); *see also Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 218 n.11 (1991)

18  (city and adult police officer).

19  **C.    The Complaint Does Not Plead Duty**

20           Too much of what the Complaint pleads towards establishing a duty

21  requires the Court to weigh and consider LDS Church doctrine, procedure and

22  polity.  The Supreme Court, however, has said that courts should not entangle

23  themselves with the "resolution of quintessentially religious controversies."

24  *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 720 (1976);

25  *Bowen v. Kendrick*, 487 U.S. 589, 602 (1988), citing *Lemon v. Kurtzman*, 403 U.S.

26  602, 613 (1971) (under the Establishment Clause, government action is improper if

27  it requires "excessive entanglement between church and state").

28           It would be improper entanglement on the Court's part to sort out the

1    type of secular and ecclesiastical control a Church may or should have over
2    members, who come in all stripes, from saints to sinners, from every Sunday
3    attenders to non-attenders and from true believers to active apostates.  Some of the
4    questions the Complaint poses, as currently drafted, include:  (1) Does a Church
5    have a duty to protect one member against another?  (2) Should a Church use
6    ecclesiastical compulsion ("do what we say, turn yourself in, or you'll pay in the
7    hereafter") to protect one member from another?  (3) If a Church calls a mere
8    member a "priest," does that mean the "priest" is automatically an agent for the
9    Church?  (4) Should a Church hire an investigator before it admits persons to
10   membership or before it lets new members, or teenage members or "priests" work
11   with the youth?  (5) Should a Church permit volunteers to work with youths, even
12   if they have odd characteristics, such as an unusual desire to work with youths?

13           As to his First, Second, Third, Fourth and Fifth Claims for Relief for
14   negligence, Plaintiff, first and foremost, alleges that Plaintiff was entrusted to the
15   LDS Church as a minor and that as such the LDS Church owed a "special duty of
16   care."  There is, however, no "special relationship" between a church and its
17   parishioners, minor or otherwise.  *Roman Catholic Bishop v. Superior Court*, 42
18   Cal. App. 4th 1556, 1568 (1996), citing *Nally v. Grace Community Church,* 47
19   Cal. 3d 278, 293 (1988).  California Supreme Court Justice Mosk explained that
20   the reason for this rule is the state judiciary's "lack of competence in matters of
21   religion" under the First Amendment Establishment and Free Exercise Clause.[3]
22   *Smith v. Fair Employment & Housing Com.*, 12 Cal. 4th 1143, 1182 (1996)
23   (Mosk., J, concurring).  Who is to say whether a religion is operating correctly, or
24   that it is providing the right environment for children, or that it must investigate the
25   background of its members who might come into casual contact with children?
26   _____
27   [3]  "Congress shall make no law respecting an establishment of religion, or
     prohibiting the free exercise thereof . . . ."  U.S. Const. amend. I.
28

1    Because of the First Amendment, that certainly is not the place of the judiciary.

2           Thus, the question becomes whether the Complaint adequately pleads

3    some other duty.  The Complaint makes a weak attempt to invoke the concept of a

4    "school."  There is a special relationship between a secular school and its students.

5    *See Hoff v. Vacaville Unified School Dist.*, 19 Cal. 4th 925, 947 (1988).  A

6    "school" does not, however, mean a "Sunday School" or a classroom for religious

7    devotion; a "school" provides state-mandated secular education to minors in the

8    form of one of an "elementary school, junior high school, four-year high school."

9    Cal. Penal Code § 626; *California Statewide Communities Development Authority*

10   *v. All Persons*, 40 Cal. 4th 788, 803 n.8 (2007) (a church may provide a state-

11   mandated secular education).

12          With *ipse dixit*, the Complaint pleads the mere fact Hilliard was a

13   "qualified teacher's aid for a student with special needs" but does not plead that the

14   LDS Church is a school.  FAC ¶ 42.  That simple artifice should not be used to

15   evade all the law discussed above.  The Complaint, if it wants to pursue this false

16   theory, should plead that the LDS Church is not only a religion but a "secular"

17   school.  Secular schools operated by religions are required to be licensed, and the

18   LDS Church is not on the California Department of Education list of schools

19   required to be licensed.  *See* Request for Judicial Notice (California Department of

20   Education), *available at* http://www.cde.ca.gov/sp/ps/rq/ap/search.asp (accessed

21   Nov. 21, 2008).  Religious Sunday Schools are not obviously meant to create a

22   "special relationship," as virtually every religion has systematic catechism in place

23   to educate its youth.

24          The Complaint alleges a variety of other duties, to supervise, retain,

25   investigate and inform.  FAC ¶ 30.  However, these theories rest upon the faulty

26   assumption that a "priest" is somebody the LDS Church can control through

27   secular means, such as a Catholic priest or a Protestant pastor.  The Complaint

28   pleads that Hilliard was a "priest," but under fundamental Christian theology, as

1    well as LDS Church theology, all male members of the LDS Church were, are or

2    will become priests.  *See* 1 Peter 2:5 NIV ("you also, like living stones, are being

3    built into a spiritual house to be a holy priesthood, offering spiritual sacrifices

4    acceptable to God through Jesus Christ"); Rev. 1:6 NIV ("has made us to be a

5    kingdom and priests to serve his God and Father").  In the LDS Church, a

6    clergyman-agent's title is not "priest," but either "bishop" or "stake president."

7    *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-day*

8    *Saints*, 167 P.3d 1194, 1198 n.4 (Wash. App. 2007).  The Complaint needs to plead

9    that Hilliard is something other than a mere member of the LDS Church (because

10   the word "priest" means "member"), and that he has agency responsibilities for the

11   LDS Church.

12           Unless the Complaint pleads less vaguely (and such vagueness treads

13   directly upon First Amendment principles in the way the LDS Church operates as a

14   church and uses names to describe internal operations), there is no duty to hire,

15   train, supervise or investigate.  In *Federico v. Superior Court,* 59 Cal. App. 4th

16   1207 (1997), a young man was hired to work in a beauty college as a hair stylist.

17   He had a long criminal history of molesting minor children.  The beauty college

18   did no background check, and was sued when the stylist molested a minor who

19   came to the school for a haircut.  *Id.* at 1211-12.

20           The *Federico* court noted that despite a clear issue of fact as to notice,

21   "we conclude the trial court should have granted defendants' motion for summary

22   judgment."  *Id.* at 1212-13.  The *Federico* court explained that "an employer's

23   liability must be determined in the context of the specific duties the work entails."

24   *Id.* at 1215.  It was certainly foreseeable that the *Federico* perpetrator would come

25   into contact with young males in his employment, but an "employer is not charged

26   with guaranteeing the safety of anyone his employee might incidentally meet while

27   on the job against injuries inflicted independent of the performance of work-related

28   functions."  *Id.*  In other words, similar to the *respondeat superior* cases, incidental

1  meetings that lead to injuries which are "independent" of the duties of the

2  perpetrator's job are not subject to a duty of care.

3          Given the fact that virtually every male member of the LDS Church

4  above the age of eleven has an honorific priesthood title of some sort, the duty to

5  screen or investigate would be enormous.  The allegations seek to impose duties

6  barred by the First Amendment.  There is no duty to investigate, and even if the

7  LDS Church learned that Hilliard was a child molester, there was no duty to keep

8  him away from other members.

9          In the absence of a "special relationship," it would be most difficult to

10  find that the LDS Church had a duty to warn one member about another.

11  *Thompson v. County of Alameda,* 27 Cal. 3d 741 (1980), is instructive.  In an

12  appeal from demurrers, the California Supreme Court was asked to decide whether

13  there was a duty when a county government knew that a particular incarcerated

14  person had "extremely dangerous and violent propensities regarding young

15  children and that sexual assaults upon young children and violence connected

16  therewith were a likely result of releasing [him] into the community." *Thompson,*

17  27 Cal. 3d at 746.  A few hours after his release, the violent felon murdered the

18  plaintiff's son who lived a few doors away.  The Supreme Court held that no duty

19  to supervise or warn existed because the county government did not have a special

20  relationship with the plaintiff.  *Id.* at 754.  The Court noted that the victim was not

21  a "specifically known and designated individual[]" and held that there is no duty to

22  issue "generalized warnings." *Id* at 755.  Moreover, it was simply "conjecture" to

23  assume that others, including the felon's mother, would take steps to ensure the

24  public had adequate warnings issued.  *Id.* at 757.

25          Authorities which hold that there is no duty imposed upon a Church to

26  protect one member from another are many.  *Bryan R. v. Watchtower Bible and*

27  *Tract Society of New York, Inc.*, 738 A.2d 839, 848 (Me. 1999) (church had no

28  duty to protect minor congregant from sexual abuse by adult congregant or to warn

1  of prior abuse; "The creation of an amorphous common law duty on the part of a

2  church or other voluntary organization requiring it to protect its members from

3  each other would give rise to both unlimited liability and liability out of all

4  proportion to culpability."); *id.* at 849 (dismissing claims for emotional distress;

5  "We have never recognized a relationship between churches and their members of

6  the type that would give rise to a duty to avoid psychic injury to those members . . .

7  ."); *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-*

8  *day Saints*, 98 P.3d 429,432 (Utah App. 2004) (church had no duty to warn of

9  congregant's prior acts of child sexual abuse; "[W]e conclude that no special

10 relationship existed between [the church] and Tilson [the abuser] at the time

11 Plaintiffs were sexually molested that would give rise to a duty on [the church's]

12 part to warn Plaintiffs about Tilson. . . .  [W]e also reject Plaintiffs' argument that

13 [church] membership alone was sufficient to establish a special relationship

14 between [the church] and Plaintiffs that created a duty on [the church's] part to

15 warn Plaintiffs about Tilson."); *Meyer v. Lindala*, 675 N.W.2d 635, 640-41 (Minn.

16 App. 2004) (church had no duty to protect victims of sexual abuse from fellow

17 congregant; "Providing faith-based advice or instruction, without more, does not

18 create a special relationship. . . . Because there is no special relationship [between

19 the church and the victims], there is no duty, and we need not reach the issues of

20 breach or causation."); *Berry v. Watchtower Bible and Tract Society of New York,*

21 *Inc.*, 879 A.2d 1124, 1130 (N.H. 2005) (church had no duty to protect minors from

22 abuse by their father which was reported to the church by their mother; "[T]here is

23 no common law duty running from Watchtower and Wilton Congregation to the

24 plaintiffs and the trial court's ruling that a duty existed requiring [them] to dispense

25 'common sense advice to the church member and a reporting of the abuse to the

26 authorities' is erroneous as a matter of law.").

27 **D.    The Complaint Does Not Plead Notice**

28              For child abuse victims claiming after their 26th birthday that they

1   were abused as minors, and that an entity "who owed a duty of care to the

2   plaintiff" failed that duty (Cal. Civ. Proc. Code § 340.1(a)(2)) [4], the plaintiff must

3   plead that the "entity knew or had reason to know, or was otherwise on notice, of

4   any unlawful sexual conduct by an employee, volunteer, representative or agency

5   and failed" to take steps to protect the minor.  Cal. Civ. Proc. Code § 340.1(b)(2).

6          The California Supreme Court has explained what this notice pleading

7   requires.  Under *Doe v. City of Los Angeles,* 42 Cal. 4th 531 (2007), it was

8   insufficient to plead notice by referring to allegations that the perpetrator's

9   "tendencies" were "commonly known" by reason of his "inappropriate

10  fraternization" with minors, and his "alleged association with a known

11  pornographer."  To charge a charitable organization with a reason to know, the

12  Complaint must state "that a person would have inferred the existence of the

13  ultimate fact or would have regarded the existence of the ultimate fact as so *highly*

14  *probable* as to have behaved in conformity with that belief." *Id.* at 547 (emphasis

15  added).  *Doe v City of Los Angeles* also eschews "boilerplate" pleading of notice.

16  So, on the basis of what Plaintiff actually knows, there is no notice pleaded.

17         To hold a "nonperpetrator entity" liable under section 340.1(b)(2),

18  plaintiff must allege that the entity "had knowledge or notice . . . [of] the

19  perpetrator's *unlawful sexual conduct* as that term is defined in the statute to

20  encompass particular prohibited acts with a minor." *Doe v. City of Los Angeles,*

21  *supra,* at 546 (2007).  In *Doe,* the Court rejected plaintiff's claim that by alleging

22  defendants were "aware of circumstances that, if investigated, would have revealed

23  [defendant] was a child molester," plaintiff had met the "constructive knowledge"

24
---
[4]   The Court should apply California Rules of Civil Procedure unless there is a
25  "direct collision" with the Federal Rules.  *See United States ex rel. Newsham v.*
    *Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (applying
26  California Anti-SLAPP procedure for motion to strike and availability of
    attorneys' fees where they could exist "side by side" with Federal Rules of Civil
27  Procedure 8, 12, and 56); *see also Walker v. Armco Steel*, 446 U.S. 740, 752
    (1980).
28

1   requirement of section 340.1(b)(2).  *Id.*  As *Doe* explained:

2       "[A] pleading that did no more than assert boilerplate
3       allegations that defendants knew or were on notice of the
        perpetrator's past unlawful sexual conduct would not be
        sufficient nor would allegations of information and belief
4       that merely asserted the facts so alleged without alleging
        such information that leads the plaintiff to believe that
5       the allegations are true."

6   *Id.* at 551 n.5 (citation omitted).

7           Nor is there a duty of inquiry.  *Deutsch v. Masonic Homes of*

8   *California, Inc.*, 164 Cal. App. 4th 748 (2008), held that *Doe v. City of Los*

9   *Angeles, supra* does not impose upon the entity *a duty of inquiry*, and that there is

10  no duty of inquiry even in the face of "obvious and pervasive" evidence, at least

11  when it comes to an adult over the age of 26 pleading sex abuse as a minor against

12  a charitable entity.  *Id.* at 774-75.

13          This is the best, however, the Complaint has to offer about notice.  It

14  is woefully lacking:

15      In 1989 when concerns were raised to church officials
        about Hilliard and his interaction with children, those
16      officials actively misinformed Michael's mother that
        [sic] about Hilliard's fitness to minister and supervise her
17      child.  On information and belief plaintiff alleges prior
        complaints of sexual abuse committed by Hilliard were
18      made to church officials.

19  FAC ¶ 2.

20          This paragraph is carefully drafted to make it appear there was notice,

21  but a close inspection shows none.  As to what Plaintiff actually knows, he said

22  that "concerns were raised" about Hilliard's "interaction with children."  This type

23  of notice, however, is inadequate under California law – in particular where

24  charitable agencies routinely use volunteers to interact with children.

25          Plaintiff claims that "[i]n 1989 when concerns were raised to church

26  officials about Hilliard and his interaction with children, those officials actively

27  misinformed [Plaintiff's] mother that about [sic] Hilliard's fitness to minister and

28  supervise her child."  FAC ¶ 2.  Plaintiff further states "[o]n information and

1   belief" that "prior complaints of sexual abuse committed by Hilliard were made to

2   church officials." *Id.* This is insufficient.

3           Plaintiff also alleges on information and belief what might exist, that

4   "prior complaints of sexual abuse [were] committed by Hilliard." FAC ¶ 2. But,

5   against whom? Children? Adults? To whom was a complaint made and when?

6           Plaintiff's allegations are too flimsy to meet even this most basic

7   requirement. He provides no information as to when or where these prior incidents

8   of abuse occurred, who and when someone was told, which "church entity" was

9   informed of the abuse, etc. "[E]ven under the liberal rules of pleading, a complaint

10  must particularize the issue sufficiently to enable the defendant to prepare its

11  defense." *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1010

12  (N.D. Cal. 2005) citing *Gulf Coast Western Oil Co. v. Trapp*, 165 F.2d 343, 348

13  (10th Cir. 1947). The dearth of information renders it impossible for the LDS

14  Church meaningfully to respond to or investigate Plaintiff's claim.

15  **E.    Plaintiff Has Not Stated a Claim for Negligence Per Se for Statutory**

16  **Violations**

17          Plaintiff's claims that Defendants violated numerous California Penal

18  Code sections relating to the sexual abuse of minors. FAC ¶ 49. However,

19  "negligence per se" is an evidentiary presumption and "does not provide a private

20  right of action for violation of a statute." *Quiroz v. Seventh Ave. Center*, 140 Cal.

21  App. 4th 1256, 1285-86 (2006) (holding that "negligence per se did not furnish

22  appellant with an independent claim or basis for liability"). "[Negligence per se]

23  operates to establish a presumption of negligence for which the statute serves the

24  subsidiary function of providing evidence of an element of a preexisting common

25  law cause of action." *Id.* Furthermore, Plaintiff has alleged no facts to support an

26  assumption that the LDS Church violated any Penal Code section.

27  **F.    Plaintiff's Claim Is Barred By The California Statute Of Limitations**

28          "If the running of the statute is apparent on the face of the complaint,

1   the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*,

2   614 F.2d 677, 682 (9th Cir. 1980).  Statutes of limitations "in civil actions are

3   procedural, not substantive." *Tietge v. Western Province of the Servites, Inc.*, 55

4   Cal. App. 4th 382, 386 (1997).  "The term '[s]tatute of limitations' is the collective

5   term applied to acts or parts of acts that prescribe the periods beyond which a

6   plaintiff may not bring a cause of action." *Shirk v. Vista Unified School District*,

7   42 Cal. 4th 201, 211-12 (2007) (internal citations omitted).

8           California Code of Civil Procedure section 340.1 sets forth time limits

9   for bringing a civil action based upon the sexual abuse of a minor.  Under section

10   340.1(a), the time for commencement "shall be within eight years of the date the

11   plaintiff attains the age of majority or within three years of the date the plaintiff

12   discovers or reasonably should have discovered that psychological injury or illness

13   occurring after the age of majority was caused by the sexual abuse, whichever

14   period expires later." Cal. Code Civ. Proc. § 340.1(a).  This limitation applies to

15   actions "for liability against any person or entity who owed a duty of care to the

16   plaintiff, where a wrongful or negligent act by that person or entity was a legal

17   cause of the childhood sexual abuse which resulted in the injury to the plaintiff."

18   *Id.* at § 340.1(a)(2).  Section 340.1 thus imposes heavier burdens upon 26-year-

19   olds to justify their case.  They must file certificates of merit.  They must show a

20   "duty."  They most show particularized notice that persons who are not 26-years-

21   old must show, as discussed above in the "notice" argument.

22           Plaintiff filed his Complaint two days after his 26th birthday.  Plaintiff

23   claims, however, that the statute of limitations was tolled by the Soldiers and

24   Sailors Relief Act because he served "approximately six months in the armed

25   forces after turning 18." FAC ¶ 4.  He claims that the 26-year-old rules do not

26   apply to him.

27           The Soldiers' and Sailors' Civil Relief Act of 1940 ("Act"), 50 U.S.C.

28   § 501 et seq., "suspends various civil liabilities of persons in military service."

1   *Conroy v. Aniskoff*, 507 U.S. 511, 512 (1993).  The Act provides that "[t]he period

2   of a servicemember's military service may not be included in computing any

3   period limited by law, regulation, or order for the bringing of any action or

4   proceeding in a court . . . by or against the servicemember."  50 U.S.C. § 526(a).

5   Plaintiff fails to provide any factual support for his claim that the statute is tolled.

6   Plaintiff does not provide the date he went into the service, the date that his

7   enlistment ended, nor the branch of the military of which he was a member.  This

8   information is important because "[a]lthough the Soldiers' and Sailors' Civil Relief

9   Act provides for tolling during military service . . . the Act applies only to those

10  individuals on active duty."  *Davenport v. England*, 222 Fed. Appx. 551, 552 (9th

11  Cir. 2007) (citation omitted).

12          The federal Act should not be construed as changing the section 340.1

13  rules which apply to 26-year-olds.  The Soldiers' and Sailors' Civil Relief Act

14  focuses upon a statute which "computes any period."   The 26-year rule is not a

15  "period."  *See also McVeigh v. Doe 1*, 138 Cal. App. 4th 898, 904-05 (2006) (the

16  running of the limitations period is not related to the obligation to comply with Cal.

17  Civ. Proc. Code section 340.1(g)'s obligation to file certificates of merit for

18  plaintiffs over 26 years of age); *Rafael v. Superior Court,* 1 Cal. App. 3d 457, 459

19  (1969) (tolling rule for a defendant previously out of state did not tack on

20  additional time for plaintiff after he attained his majority, then 20).  The federal

21  Act thus has no impact upon the rules which apply to 26-year-olds.

22          Normally, the two-year limitations period of section 335.1 of the Code

23  of Civil Procedure applies.  But, section 340.1 of the Code of Civil Procedure, with

24  a longer limitations period, applies to entities that have a **duty of care** to a minor

25  who was allegedly sexually abused by somebody else, and to entities who

26  committed an intentional act that was the legal cause of the abuse.  Cal. Code Civ.

27  Proc. § 340.1(a)(2) - (a)(3).  Because the Complaint pleads insufficient "duty", the

28  shorter two-year limitations applies.

1    Moreover, as discussed above, Plaintiff has not pleaded the requisite

2    notice for section 340.1.

3    **G.    Plaintiff's Claims Are Barred By His Failure To Timely File Certificates**

4         **Of Merit**

5         A plaintiff who benefits from the enlarged statute of limitations in

6    Code of Civil Procedure section 340.1 "must also assume its burdens." *Tietge v.*

7    *Western Province of the Servites, Inc.*, 55 Cal. App. 4th 382, 387 (1997) (holding

8    defendant could raise issue of plaintiff's failure to file the requisite certificates of

9    merit upon remand). "The failure to file certificates [of merit by a mental health

10   professional and a lawyer] in accordance with this section shall be grounds for a

11   demurrer pursuant to Section 430.10 or a motion to strike pursuant to section 435."

12   Cal. Code Civ. Proc. § 3401.1(l) ; *see Doyle v. Fenster*, 47 Cal. App. 4th 1701,

13   1707 ("[D]ismissal is impliedly permitted by defendant's remedy for the failure to

14   file or the improper filing of the certificates, i.e., bringing a demurrer or a motion

15   to strike."). Failure to timely file the requisite certificates of merit may "constitute

16   unprofessional conduct and may be the grounds for discipline against the

17   attorney." Cal. Code Civ. Proc. § 340.1(k) .

18        In addition to the statute of limitations set forth in subsections (a) and

19   (b), section 340.1 contains protections for defendants to be "free from frivolous

20   lawsuits." *See McVeigh, supra,* 138 Cal. App. 4th at 904. Subsection (g) provides

21   that "[e]very plaintiff 26 years of age or older at the time the action is filed *shall*

22   *file certificates of merit* as specified in subsection (h)." Cal. Code Civ. Proc. §

23   340.1(g) (emphasis added). Subsection (h) specifies three categories of required

24   certifications. First, an attorney must certify that he has reviewed the facts of the

25   case and consulted with at least one mental health practitioner and that based on

26   such consultation, "there is reasonable and meritorious cause for the filing of the

27   action." *Id.* at § 340.1(h)(1). Second, the consulted mental health practitioner

28   must certify that "there is a reasonable basis to believe that the plaintiff had been

1    subject to childhood sexual abuse." *Id.* at § 340.1(h)(2) .  Third, if it was not

2    possible to file the (h)(1) and (h)(2) certificates when the action was filed "because

3    a statute of limitations would impair the action," the attorney must submit a

4    certification stating such and "the certificates required by paragraphs (1) and (2)

5    *shall be filed within 60 days* after filing the complaint."  *Id.* at § 340.1(h)(3)

6    (emphasis added).

7    　　　　　　"It is a well-established rule of statutory construction that use of the

8    word 'shall' denotes a mandatory requirement."  *Hill v. United States I.N.S.*, 714

9    F.2d 1470, 1475 (9th Cir. 1983).  Plaintiff filed his Complaint on March 21, 2008.

10   According to the requirements of section 340.1(g), Plaintiff was required to file the

11   (h)(1) and (h)(2) certificates of merit at the time he filed his Complaint because he

12   was over the age of 26.  Plaintiff failed to do so.  Even if Plaintiff could show that

13   a late filing was justified under (h)(3), Plaintiff would still only have 60 days from

14   March 21, 2008 to file the (h)(1) and (2) certificates, with the (h)(3) certificate at

15   filing. Cal. Code Civ. Proc. § 340.1(h)(3).  Plaintiff would have had to file the (h1)

16   and (2) requisite certificates by May 20, 2008.  Again, he failed to do so.

17   　　　　　　Plaintiff will likely argue that his obligation to submit the certificates

18   of merit was not triggered because his cause of action was within the statute of

19   limitations based on his military service.  However, as pointed out above, the 26-

20   year-old rule is not a "period" that may be tolled. *McVeigh, supra,* 138 Cal. App.

21   4th at 901 (the requirement to file age 26 certificates is not related to the running of

22   the limitations period).  Dismissal is thus proper as Plaintiff has failed to meet this

23   fundamental requirement of bringing his claim.

24

25

26

27

28

1

## IV.

## CONCLUSION

Even if Plaintiff could amend his Complaint again to provide more factual support for his claim, his failure to follow the required procedures under section 340.1 cannot be remedied.  The LDS Church request that Plaintiff's Amended Complaint be dismissed with prejudice.

Dated:  November 21, 2008

LATHAM & WATKINS LLP
Robert D. Crockett
Courtney E. Vaudreuil
Andrew M. Skanchy

By _____
Robert D. Crockett
Attorneys for Defendants
Corporation of the Church of Jesus
Christ of Latter-day Saints,
Corporation of the Presiding Bishop
of the Church of Jesus Christ of
Latter-day Saints

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560.

On **November 21, 2008**, I served the following document described as:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

by serving a true copy of the above-described document in the following manner:

## BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

Shehanz M. Bhujwala
Kiesel Boucher & Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 21, 2008**, at Los Angeles, California.

Nancy Renteria

LA\1921018.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560.

On **November 21, 2008**, I served the following document described as:

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Frederick Hilliard, Jr.
5406 13th Ave S
Gulfport , FL 33707-3512

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 21, 2008**, at Los Angeles, California.

_Nancy Renteria_
Nancy Renteria