```
                                                                          SEND
                                                                       Enter JS-6
cc remand order, docket, remand letter
to Los Angeles         UNITED STATES DISTRICT COURT
Superior Court         CENTRAL DISTRICT OF CALIFORNIA
NW District, Van Nuys Case No. LC080889
                              CIVIL MINUTES - GENERAL
```

| Case No. | CV 08–7553 PA (Ex) | Date | November 21, 2008 |
|---|---|---|---|
| Title | Michael J. v. Church of Jesus Christ of Latter-day Saints, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before the Court is a notice of removal ("Notice of Removal") filed on November 14, 2008 by defendants Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints ("Removing Defendants"). (Docket No. 1) Removing Defendants assert that federal jurisdiction exists on the basis of diversity of citizenship. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the party seeking to invoke this Court's jurisdiction, Removing Defendants bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

     Removing Defendants' Notice of Removal fails in a number of respects. First, a notice of removal must be filed within 30 days of service of the plaintiff's complaint. 28 U.S.C. § 1446(b). The thirty-day removal clock "is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); See also 28 U.S.C. § 1446(b). When the initial pleading is not immediately removable, a second thirty-day period for removal applies if the action "is rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper.'" Harris, 425 F.3d at 694; See also 28 U.S.C. § 1446(b). However, remand is appropriate if a case is removed in an untimely manner. Babsa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007) (citations omitted).

**SEND**
Enter JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7553 PA (Ex) | Date | November 21, 2008 |
|---|---|---|---|
| Title | Michael J. v. Church of Jesus Christ of Latter-day Saints, et al. | | |

     Here, at least one of the Removing Defendants[1] was first served with plaintiff Michael J's ("Plaintiff") original complaint ("Complaint") on August 8, 2008. (Not. of Removal ¶ 2.) Removing Defendants assert that Plaintiff filed a First Amended Complaint ("FAC") on October 10, 2008, and served it by mail that same day. (Not. of Removal ¶ 4.) Removing Defendants then assert, with no explanation, that removal is timely. Defendants fail to explain how their November 14, 2008 Notice of Removal is timely filed within thirty days of removal if Removing Defendants were served on October 10, 2008. Presumably, Removing Defendants intend to rely on California Code of Civil Procedure section 415.40, which provides that service is deemed complete on the 10th day after mailing. Even so, Removing Defendants' assertion fails. The FAC names all of the defendants that were included in the original Complaint. Thus, if the parties named in the FAC are diverse, as Removing Defendants claim, the parties named in the original Complaint were also diverse. Thus, because the original Complaint was removable to the same extent as the FAC, the thirty-day removal clock was triggered by service of the original Complaint on August 8, 2008. Removing Defendants' November 14, 2008 Notice of Removal was filed significantly later than thirty days from August 8, 2008, and is therefore untimely.

     Second, even if the Notice of Removal had been timely filed, Removing Defendants have not established that all defendants are diverse from Plaintiff. See 28 U.S.C. § 1332. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

     Here, Removing Defendants merely assert that Plaintiff is a resident of California. (Not. of Removal ¶ 7.) The FAC also merely alleges that Plaintiff is a resident of California. (FAC ¶ 4.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. Because neither the

---

[1] Removing Defendants assert that on August 8, 2008, Plaintiff served "the Corporation of the President of the Church of Jesus Christ of Latter-day Saints, and the Corporation of the President of the Church of Jesus Christ of Latter-day Saints." (Not. of Removal ¶ 2.) As far as the Court can tell, these entities are one and the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7553 PA (Ex) | Date | November 21, 2008 |
|---|---|---|---|
| Title | Michael J. v. Church of Jesus Christ of Latter-day Saints, et al. | | |

"four corners" of the FAC nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Removing Defendants have not met their burden to establish this Court's jurisdiction. See id.

Finally, even if Plaintiff is a California citizen, the Notice of Removal fails. Here, Removing Defendants admit that defendant Corporation of the President of the California Los Angeles Mission, Church of Jesus Christ of Latter-day Saints ("LA Mission") is a California corporation. (Not. of Removal ¶ 12.) However, Removing Defendants assert that LA Mission was fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. See id.

Here, while Removing Defendants assert that LA Mission was in no way involved in Plaintiff's alleged injury (Not. of Removal ¶ 12), Plaintiff alleges that he was injured by an LA Mission priest acting on behalf of LA Mission. (FAC ¶ 7.) Because the Court must resolve "all disputed questions of fact . . . in favor of the non-removing party[,]" Plute, 141 F. Supp. 2d at 1008, the Court must accept Plaintiff's assertion of LA Mission's involvement. Accordingly, LA Mission was not fraudulently joined, and not all defendants are diverse from Plaintiff, even if Plaintiff is a California citizen.

For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, Case Number LC 080889 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints' Motion to Dismiss (Docket No. 7), and Request for Judicial Notice (Docket No. 10), are both denied as moot.

IT IS SO ORDERED.